UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONG DIEP, | ) 1:10-cv—00431-AWI-SKO-HC |
|           Petitioner, | ) FINDINGS AND RECOMMENDATIONS ) TO DISMISS THE PETITION WITHOUT ) LEAVE TO AMEND FOR FAILURE TO |
|   v. | ) STATE A COGNIZABLE CLAIM (Doc. 1) ) AND TO DECLINE TO ISSUE |
| J. D. HARTLEY, Warden, | ) A CERTIFICATE OF APPEALABILITY ) |
|           Respondent. | ) **OBJECTIONS DEADLINE:** ) **THIRTY (30) DAYS** ) |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is the petition, which was filed on March 5, 2010. Respondent filed an answer to the petition on June 22, 2010, and Petitioner filed a traverse on July 8, 2010.

    I.  <u>Consideration of Dismissal of the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires that the Court summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4;

1

1  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also
2  Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule
3  2(c) requires that a petition 1) specify all grounds of relief
4  available to the Petitioner; 2) state the facts supporting each
5  ground; and 3) state the relief requested.  Notice pleading is
6  not sufficient; rather, the petition must state facts that point
7  to a real possibility of constitutional error.  Rule 4, Advisory
8  Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at
9  420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).
10 Allegations in a petition that are vague, conclusory, or palpably
11 incredible are subject to summary dismissal.  Hendricks v.
12 Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).
13      Further, the Court may dismiss a petition for writ of habeas
14 corpus either on its own motion under Habeas Rule 4, pursuant to
15 the respondent's motion to dismiss, or after an answer to the
16 petition has been filed.  Advisory Committee Notes to Habeas Rule
17 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43
18 (9th Cir. 2001).
19      II.  Background
20      Petitioner alleges that he is an inmate of Avenal State
21 Prison who is serving a sentence of seven (7) years to life plus
22 an enhancement of four (4) years imposed by the Orange County
23 Superior Court in 1994 for attempted murder with use of a firearm
24 in violation of Cal. Pen. Code §§ 664, 187, and 12022.5.  (Pet.
25 2.)  Petitioner challenges the decision of California's Board of
26 Parole Hearings (BPH) made after a hearing held on October 10,
27 2008, finding Petitioner unsuitable for parole.  (Pet. 5-6, 10.)
28      Petitioner's allegations and the transcript of the parole

hearing submitted with the petition reveal that Petitioner attended the parole hearing before the board on October 10, 2008 (doc. 1, 10, 12-13); spoke to the board about various suitability factors (doc. 1, 20-48); and made a statement to the board on his own behalf concerning his suitability for parole (doc. 1, 113-15).  Further, counsel assisted Petitioner at the hearing and made a closing statement on his behalf.  (Doc. 1, 10, 13, 19, 58-64.)

The transcript of the hearing also reflects that Petitioner was present at the conclusion of the hearing when the BPH explained why it decided that Petitioner was not suitable for parole.  The board relied on the nature of the commitment offense, Petitioner's history of criminality and substance abuse, Petitioner's problematic social history, and his failure on previous grants of probation.  (Doc. 1, 67-73.)

Petitioner asks this Court to review whether there was some evidence to support the conclusion that Petitioner was unsuitable for parole because he posed a current threat of danger to the public if released.  Petitioner contends that because there was an absence of some evidence to support the BPH's decision, the state courts' decisions upholding the denial of parole were unreasonable applications of clearly established federal law and were based on an unreasonable determination of the facts in light of the evidence presented at the state hearing.  Petitioner also argues that the BPH failed to apply correctly California law concerning factors of parole suitability.  (Pet. 5-6.)

III.  <u>Failure to State a Cognizable Claim</u>

Because the petition was filed after April 24, 1996, the

3

effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010) (per curiam).

The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. Swarthout v. Cooke, 562 U.S. -, 131 S.Ct. 859, 861-62 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12 (1979).[1]

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 16. The decision maker is not required to state the evidence relied upon in coming to the decision. Id. at 15-16. The Court reasoned that because there is no constitutional or inherent right of a convicted person to be released conditionally before expiration of a valid sentence, the liberty interest in discretionary parole is only conditional and thus differs from the liberty interest of a parolee. Id. at 9. Further, the discretionary decision to release one on parole does not involve restrospective factual determinations, as in disciplinary proceedings in prison; instead, it is generally more discretionary and predictive, and thus procedures designed to elicit specific facts are unnecessary. Id. at 13. In Greenholtz, the Court held that due process was satisfied where the inmate received a statement of reasons for the

4

Swarthout v. Cooke, 131 S.Ct. 859, 862.  In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole.  The Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners.  (Citation omitted.) When however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.  In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 131 S.Ct. 859, 862.  The Court concluded that the petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied....
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 131 S.Ct. at 862.  The Court in Swarthout expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the federal Due Process Clause.  Id. at 862-63.

   Here, Petitioner asks this Court to engage in the very type of analysis foreclosed by Swarthout.  Petitioner does not state

---

decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole.  Id. at 15.

5

facts that point to a real possibility of constitutional error or that otherwise would entitle Petitioner to habeas relief because California's "some evidence" requirement is not a substantive federal requirement. Review of the record for "some evidence" to support the denial of parole is not within the scope of this Court's habeas review under 28 U.S.C. § 2254.

Petitioner cites state law concerning the appropriate weight to be given to evidence. To the extent that Petitioner's claim or claims rest on state law, they are not cognizable on federal habeas corpus. Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 562 U.S. — , 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, it is clear from the allegations in the petition and the related documentation that Petitioner attended the parole suitability hearing, made statements to the BPH, and received a statement of reasons for the decision of the BPH. Because it appears from the face of the petition that Petitioner received all process that was due, Petitioner cannot state a tenable due process claim.

Accordingly, it will be recommended that the petition be

6

dismissed without leave to amend.

### IV. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v.

7

Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

V. Recommendations

Accordingly, it is RECOMMENDED that:

1) The petition for writ of habeas corpus be DISMISSED without leave to amend because Petitioner has failed to state a claim that is cognizable in a proceeding pursuant to 28 U.S.C. § 2254; and

2) The Court DECLINE to issue a certificate of appealability; and

3) The Clerk be DIRECTED to close the action because dismissal would terminate the proceeding in its entirety.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings

8

and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    May 9, 2011**                    **/s/ Sheila K. Oberto**
                                             UNITED STATES MAGISTRATE JUDGE